**Erick Alexander CRUZ–SANTOS, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–70529.

United States Court of Appeals, Ninth Circuit.

Submitted May 25, 2010.*

Filed June 10, 2010.

Erick Alexander Cruz–Santos, South Gate, CA, pro se.

OIL, James A. Hurley, Mark Christopher Walters, Esquire, Assistant Director, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Erick Alexander Cruz–Santos, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' order affirming without opinion an immigration judge's order denying his

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

motion to reopen removal proceedings held in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Reyes v. Ashcroft*, 358 F.3d 592, 595 (9th Cir.2004), and we deny the petition for review.

The agency acted within its discretion in determining that Cruz–Santos did not establish an exceptional circumstance to warrant reopening because he failed to comply with the requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988), where he did not file a state bar complaint or include sufficient evidence that he had informed the attorney of the allegations against him, and the ineffective assistance is not plain on the face of the record. *See Reyes*, 358 F.3d at 597–99.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.